# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**PATRICIA FRENCH,**

    Plaintiff,

v.                                        Case No. 8:09-cv-394-T-30MAP

**ONE TOUCH DIRECT, L.L.C., et al.,**

    Defendants.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Partial Remand (Dkt. 7) and Defendant One Touch Direct's Opposition to Plaintiff's Motion for Partial Remand (Dkt. 15). The Court, having considered the motion and response, and being otherwise fully advised, finds that Plaintiff's Motion for Partial Remand (Dkt. 7) should be denied.

## BACKGROUND

On March 4, 2009, Defendants removed Plaintiff's action to this Court. (Dkt. 1). The grounds for the removal were that this Court had original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. Plaintiff's complaint against Defendants asserts causes of action for: violation of 42 U.S.C. § 1981 against all Defendants (Count I); violation of the Florida Whistleblower Act ("FWA") against Defendant One Touch Direct, L.L.C. ("One Touch") (Count II); and violations of the Fair Labor Standards Act ("FLSA") against all Defendants (Count III). (Dkt. 2).

On March 9, 2009, Plaintiff filed a motion to remand partially to state court the FWA claim against Defendant One Touch. (Dkt. 7). Plaintiff argues in the motion that this Court can decline to exercise supplemental jurisdiction over the FWA claim and that state court is the more appropriate forum for the claim. On March 25, 2009, Defendant One Touch filed its response to the motion for partial remand. (Dkt. 15). One Touch argues that an application of the factors listed in 28 U.S.C. § 1367(c) demonstrates that there is no valid basis to decline supplemental jurisdiction over the FWA claim.

Importantly, on May 12, 2009, Plaintiff, with leave of Court, filed an amended complaint against Defendants. (Dkt. 22). Plaintiff's amended complaint against Defendants asserts causes of action for: violation of 42 U.S.C. § 1981 against all Defendants (Count I); violation of the FWA against Defendant One Touch (Count II); violations of the FLSA against all Defendants (Count III); and violations of the Equal Pay Act ("EPA") against all Defendants (Count IV). (Dkt. 22). Although Plaintiff's motion for partial remand and One Touch's response were filed prior to Plaintiff's filing of the amended complaint, the Court must analyze the claims asserted in the amended complaint to determine whether a partial remand of the FWA claim against One Touch is appropriate in this case.

## DISCUSSION

The application of supplemental jurisdiction is statutorily controlled by 28 U.S.C. § 1367. The first part of the statute, Section 1367(a), defines the permissible boundaries for the exercise of supplemental jurisdiction; that is, it delineates the *power* of the federal courts to hear supplemental claims and claims against supplemental parties. See Palmer v. Hosp. Auth.

of Randolph County, 22 F.3d 1559, 1562 n. 3 (11th Cir.1994). The second relevant portion for this case is Section 1367(c), which describes the occasions on which a federal court may exercise its *discretion* not to hear a supplemental claim or admit a supplemental party, despite the *power* of the court to hear such a claim. Id.

Section 1367(c) lists specific circumstances in which a district court may decline to exercise supplemental jurisdiction over a state law claim joined with a claim over which the court has original jurisdiction. Specifically, the district court may decline to exercise supplemental jurisdiction over a claim under Section 1367(a) if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

An analysis of the factors delineated in Section 1367(c) demonstrates that this Court should not decline to exercise supplemental jurisdiction over the FWA claim. The FWA claim against One Touch involves similar facts as the 1981 claim against all Defendants. Moreover, the FWA claim does not raise a novel or complex issue of state law and does not substantially predominate over the other claims. While all the elements of the federal claims and the FWA claim are certainly not identical, and in some cases are quite different, the claims involve similar facts, occurrences, witnesses and evidence. This commonality is

sufficient to satisfy the constitutional minimum required by Section 1367. Accordingly, jurisdiction over Plaintiff's FWA claim against One Touch is within the power of this Court.

## **CONCLUSION**

For the reasons set forth herein, it is therefore ORDERED and ADJUDGED that Plaintiff's Motion for Partial Remand (Dkt. 7) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 26, 2009.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-394.partialremand.frm