# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**PATRICIA FRENCH,**

    **Plaintiff,**

**v.**                                               **Case No. 8:09-cv-394-T-30MAP**

**ONE TOUCH DIRECT, L.L.C., et al.,**

    **Defendants.**

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant One Touch Direct's Motion for Partial Judgment on the Pleadings and Incorporated Memorandum of Law (Dkt. 14) and Plaintiff's Response and Memorandum in Opposition to Defendant's Motion for Partial Judgment on the Pleadings (Dkt. 16). The Court, having considered the motion and response, and being otherwise fully advised, finds that Defendant One Touch Direct's Motion for Partial Judgment on the Pleadings and Incorporated Memorandum of Law (Dkt. 14) should be denied.

## DISCUSSION

On March 4, 2009, Defendants removed Plaintiff's action to this Court. (Dkt. 1). Plaintiff's complaint against Defendants asserts causes of action for: violation of 42 U.S.C. § 1981 against all Defendants (Count I); violation of the Florida Whistleblower Act ("FWA")

against Defendant One Touch Direct, L.L.C. ("One Touch") (Count II); and violations of the Fair Labor Standards Act ("FLSA") against all Defendants (Count III). (Dkt. 2).

On March 24, 2009, Defendant One Touch filed a motion for partial judgment on the pleadings. (Dkt. 14). One Touch argues that judgment should be entered in its favor on the FWA claim because there are no material facts in dispute and a judgment on the merits can be made on the content of the pleadings. On April 7, 2009, Plaintiff filed a response in opposition to the motion, stating that the complaint states a cause of action under the FWA and there are material facts in dispute. (Dkt. 16).

On May 12, 2009, Plaintiff, with leave of Court, filed an amended complaint against Defendants. (Dkt. 22). Plaintiff's amended complaint against Defendants asserts causes of action for: violation of 42 U.S.C. § 1981 against all Defendants (Count I); violation of the FWA against Defendant One Touch (Count II); violations of the FLSA against all Defendants (Count III); and violations of the Equal Pay Act ("EPA") against all Defendants (Count IV). (Dkt. 22). Importantly, as part of the amendment, Plaintiff revised the allegations relevant to the FWA claim and included the specific provision of the FWA Plaintiff is operating under (Flat. Stat. § 448.102(3)) to assert her claim.[1]

Defendant One Touch's motion for judgment on Plaintiff's FWA claim was filed prior to the amended complaint and relates to Plaintiff's original complaint. Defendant's main argument in favor of its motion is that the original complaint does not articulate which of the

---

[1] Under the FWA, a party can have a claim under Fla. Stat. § 448.102(1), (2) or (3).

three statutory provisions of the FWA are at issue and is devoid of sufficient facts to establish that Plaintiff complained of conduct on the part of One Touch that was a violation of a law, rule or regulation. In light of the fact that Plaintiff's amended complaint addresses these issues, Defendant's motion is rendered moot and must be denied.

It is therefore ORDERED AND ADJUDGED that for the reasons set forth herein, Defendant One Touch Direct's Motion for Partial Judgment on the Pleadings (Dkt. 14) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on May 26, 2009.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-394.partialjudgonpleadings.frm